FILED

2015 NOV 20  PM 12:20

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ np _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE JUDITH JEAN HOFFMAN,<br><br>                           Debtor.<br><br>JUDITH JEAN HOFFMAN,<br><br>                         Appellant,<br>v.<br>LESLIE T. GLADSTONE, Trustee;<br>ROBERT D. HOFFMAN; HOFFMAN PROPERTIES,<br>                         Appellees. | Case No.: 15-CV-2092-BEN (KSC)<br><br>Bankruptcy No. 13-05478-MM7<br>Adversary No. 14-90098-MM<br><br>**ORDER:**<br><br>**(1) GRANTING APPELLANT'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**(2) GRANTING APPELLEE'S MOTION TO DISMISS APPEAL AS UNTIMELY** |

    This case comes before the Court on appeal from the Bankruptcy Court for the Southern District of California.

    On September 18, 2015, Appellant Judith Jean Hoffman filed a Notice of Appeal, seeking review of a September 1, 2015 Order denying her motion for a stay pending appeal. (Docket No. 1.) She also filed a Motion to Proceed *In Forma Pauperis* ("IFP"). (Docket No. 2.) On October 13, 2015, Appellee Leslie T. Gladstone, Trustee, filed a Motion to Dismiss Appeal for lack of jurisdiction. (Docket No. 6.) For the reasons stated below, the Motions are **GRANTED** and the Appeal is **DISMISSED**.

## I. Appellant's Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). Under 28 U.S.C. § 1915(a)(1),

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

It appears Appellant receives $1694 per month in social security benefits. (Mot. 3.) She is not employed and has only $11.50 in cash and checking accounts. (*Id.*) Appellant's total monthly expenses amount to approximately $1655. (*Id.* at 5.) Although Appellant claims to own a home and a partnership interest in real estate, her home is in foreclosure and the partnership's real property is controlled by the ongoing bankruptcy proceedings. (*Id.* at 3.) Accordingly, Appellant has sufficiently shown that she cannot afford to pay the filing fees. Her Motion to Proceed IFP is therefore **GRANTED**.

## II. Appellee's Motion to Dismiss[1]

The Trustee argues that the notice of appeal is untimely and thus, this Court lacks jurisdiction to hear the matter. Appellant filed an untimely opposition, which the Court received two weeks after the opposition deadline. *See* CivLR 7.1.e.2.

Pursuant to Federal Rule of Bankruptcy Procedure 8002(a)(1), "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Rule 8002(a)'s time requirement is jurisdictional. *In re Wiersma*, 483 F.3d 933, 938 (9th Cir. 2007) (citation omitted). "[U]ntimely filing of

---

[1] The Court GRANTS the Trustee's Request (Docket No. 6-2), and judicially notices the Bankruptcy Court's June 18, 2015 sale order in bankruptcy case no. 13-05478-MM7 and September 1, 2015 order denying stay in adversary case no. 14-90098-MM.

notice of appeal deprives [an] appellate court of jurisdiction to review an order of the Bankruptcy Court." *In re Camacho*, 495 B.R. 515, 519 (E.D. Cal. 2013) (citing *In re Wiersma*, 483 F.3d at 938; *In re Slimick*, 928 F.2d 304, 306 (9th Cir. 1990)). Courts must therefore "construe the timeliness requirement strictly." *Id.* (citing *In re Souza*, 795 F.2d 855, 857 (9th Cir. 1986)).

Evident from Appellant's own statement, the Bankruptcy Court issued the order denying a stay pending appeal on September 1, 2015. (Notice of Appeal at 1; *see also* Appellee's Req. Judicial Notice, Ex. B.) According to Rule 8002(a), Appellant's deadline to file a notice of appeal was fourteen days later, on September 15, 2015. Appellant did not file her Notice of Appeal until September 18, 2015. In opposition, Appellant claims that she is entitled to a three day grace period because she "is not on the electronic notice list." (Docket No. 11.) However, she cites no authority to support her proposition, nor is this Court aware of any.

As the appeal was not filed in compliance with Rule 8002(a), it is untimely and this Court lacks jurisdiction to hear the matter. The Motion to Dismiss is **GRANTED** and the Appeal is **DISMISSED**.

## CONCLUSION

Appellant's Motion to Proceed IFP is **GRANTED**. Appellee's Motion to Dismiss is **GRANTED**. The appeal is therefore **DISMISSED** as untimely. The Clerk may close the case.

**IT IS SO ORDERED.**

Dated: November 10, 2015

Hon. Roger T. Benitez
United States District Judge